UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodrigo BENITEZ,<br><br>                                   Plaintiff,<br><br>v.<br><br>Carlos DEL TORO, et al.,<br><br>                                   Defendants. | Case No.:  23-cv-1242-AGS-BGS<br><br>**ORDER TO SHOW CAUSE AND DENYING MOTION TO APPOINT COUNSEL (ECF 6)** |

Plaintiff Rodrigo Benitez moves for appointed counsel. Because there is no right to appointed counsel in civil cases, that motion is denied. Furthermore, because Benitez has not yet filed a proof of service, he is ordered to show cause why this case should not be dismissed for failure to prosecute.

**DISCUSSION**

In a cogent July 5, 2023 complaint alleging age discrimination, retaliation, and a hostile work environment, Benitez sued Carlos Del Toro, Secretary of the Navy. (*See* ECF 1.) The Court construes one of his subsequent filings as a motion for the judicial recruitment of counsel. (*See* ECF 6.)

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Even under the statutory authority to recruit counsel in civil cases, the Court cannot force attorneys to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that the relevant statute—28 U.S.C. § 1915—"does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (cleaned up).

As a threshold matter, Benitez has not demonstrated that he is "unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1). No application to proceed in forma pauperis or any statement of financial condition has been filed. Even assuming an inability to pay, Benitez has not otherwise met the burden for judicial recruitment of counsel. He points to no extraordinary circumstances and has not described any efforts to secure pro bono counsel on his own.[1] The likelihood of success on the merits is unclear, as the Court has no evidence before it. Finally, Benitez has so far articulated his factual allegations with clarity. (*See generally* ECF 1.) Thus, the motion to appoint counsel is denied.

The Court previously granted Benitez's motion for an extension of time to serve defendant. (*See* ECF 4 & 5). In its order, the Court directed: "Plaintiff must serve a copy of the summons and complaint on defendant by September 1, 2023." (ECF 5.) Despite this Court order, plaintiff has not yet filed any proof of service.

## CONCLUSION

Accordingly, Benitez's motion for appointment of counsel is **DENIED**. Benitez is further **ORDERED**, by <u>November 3, 2023</u>, to show cause in writing why this case should not be dismissed for failure to prosecute.

Dated:  October 10, 2023

_____
Andrew G. Schopler
United States District Judge

---

[1] Benitez has apparently searched, without luck, for *paid* counsel since September 2022. (*See* ECF 6, at 1 ("[E]ach would say we will take your case. Then each one will take a portion of the fee [illegible] consultation . . . [and] then each one will [bail] out.").) Benitez mentions no attempts to engage pro bono counsel on his own.